United States District Court
Southern District of Texas
**ENTERED**
August 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SUNNY PRODUCE AND BROKERAGE, LLC, § § § **Plaintiff,** § § v. § § SASITA PRODUCE, LLC and § SEVERO PEREZ, § § **Defendants.** § | Civil Action No. 7:25-CV-00390 |

## MEMORANDUM OPINION AND ORDER

This is an action brought under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a–499t, to enforce the trust provisions in 7 U.S.C. § 499e(c). Plaintiff Sunny Produce and Brokerage, LLC ("Sunny Produce"), a licensed PACA seller, alleges that between October 26, 2024, and February 16, 2025, it sold perishable agricultural commodities to Defendant Sasita Produce, LLC ("Sasita Produce") and that $160,132.38 remains unpaid and subject to PACA's statutory trust.

Pending before the Court is Plaintiff's *Ex Parte* Motion for Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) against Sasita Produce and its principal, Severo Perez (collectively "Defendants"). (Dkt. No. 8). Having reviewed the Motion, supporting declarations, and relevant filings, the Court **GRANTS** the motion for the reasons below.

I.  **BACKGROUND**

Between October 26, 2024, and February 16, 2025, Sunny Produce, a Texas limited liability company, sold $171,410.13 in fresh produce to Sasita Produce, an Alabama limited liability company, in interstate commerce. (Dkt. No. 1 at 1–2). Only $1,002.75 has been paid. (*Id.* at 2). The balance—$160,132.38—involves PACA commodities.[1] (*Id.* at 2–3). Sasita Produce accepted the produce but has neither paid nor contested the invoices and has ignored repeated demands for payment. (*Id.*).

On August 7, 2025, Sunny Produce sued for breach of contract, (*id.* at 3–4); declaratory relief under PACA, (*id.* at 4–5); PACA trust enforcement, (*id.* at 5–6); failure to create a PACA trust, (*id.* at 6–7); failure to pay promptly under PACA, (*id.* at 7); breach of fiduciary duty to PACA trust beneficiaries, (*id.* at 7–8); and unlawful retention of PACA trust assets, (*id.* at 8–9).

On August 11, 2025, it filed the present motion requesting an *ex parte* temporary restraining order ("TRO"). (Dkt. No. 8). The Motion is supported by the declaration of its manager, Norma Myers ("Myers's Declaration"), (Dkt. No. 8-2); and a certification from its counsel as to why the TRO should issue without notice to Sasita Produce ("Certification of Counsel"), (Dkt. No. 8-3). In addition to supporting the factual allegations above, Myers's Declaration attests that Sasita Produce is in severe financial issues and, absent injunctive relief, will likely continue to dissipate PACA trust assets. (Dkt. No. 8-2 at 8–9). The Certification of Counsel explains that advance notice would

---

[1] Sunny Produce states that certain shipped commodities, worth a total of $10,275.00, are not listed in the PACA commodity schedule. (Dkt. No. 1 at 3).

allow Defendants to transfer or conceal trust assets, frustrating PACA's protections. (Dkt. No. 8-3 at 1–3).

## II.     LEGAL STANDARD

To obtain a TRO, the movant must show:

1) a "substantial likelihood of success on the merits";

2) a "substantial threat of irreparable injury";

3) that "the threatened injury outweighs any harm the order might cause to the defendant"; and

4) that "the injunction will not disserve the public interest."

*Beyhaqi v. Noem*, ____ F.Supp.3d at ____, No. 4:25-CV-01788, 2025 WL 1196003, at *2 (S.D. Tex. Apr. 22, 2025) (citing *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000)). Failure to meet any element defeats the request. *CF Trade, LLC v. Duse Exports, LLC*, No. 7:25-CV-00214, 2025 WL 1549460, at *2 (S.D. Tex. May 30, 2025) (quoting *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)).

A party seeking an *ex parte* TRO—one issued without written or oral notice to the non-moving Party—must also (1) present "specific facts in an affidavit or a verified complaint" showing "that immediate and irreparable injury, loss, or damage" will occur "before the adverse party can be heard"; and (2) submit a written certification from "the movant's attorney" explaining why notice "should not be required." Fed. R. Civ. P. 65(b)(1).

If these requirements are met, the court may issue an *ex parte* TRO "to preserve the status quo and prevent irreparable harm" until it decides whether to grant further injunctive relief. *Beyhaqi*, ____ F.Supp.3d at ____, 2025 WL 1196003, at *2 (first citing

3

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 439, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974); and then citing *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017) (per curiam)); *see A. A. R. P. v. Trump*, 605 U.S. ___, ___, 145 S.Ct. 1364, 1368, 221 L.Ed.2d 765 (2025) (per curiam). Such orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods*, 415 U.S. at 439, 94 S.Ct. at 1124.

### III. DISCUSSION

#### 1. Likelihood of Success on the Merits

##### a. PACA Claims

PACA is "a Depression-era statute designed to protect sellers of perishable produce from delinquent purchasers." *A & A Concepts, LLC v. Fernandez*, 107 F.4th 478, 483 (5th Cir. 2024) (quoting *In re Delta Produce, L.P.*, 845 F.3d 609, 612 (5th Cir. 2016)). It creates a statutory "trust that requires produce buyers to hold their produce-related assets as fiduciaries until full payment is made." *CF Trade, LLC*, 2025 WL 1549460, at *2 (citing 7 U.S.C. § 499e(c)(2)). The trust arises automatically upon delivery if the seller complies with PACA's notice requirements. *Id.* (first citing 7 U.S.C. § 499e(c); and then citing 7 C.F.R. § 46.46(f)).

"To recover under PACA's trust provisions," a plaintiff must prove "that it is a trust beneficiary, and that a PACA trust was formed." *Id.* (quoting *Paisano Cap. SA de CV*

*v. 23 Tex. Produce, Inc.*, No. 3:19-CV-00852, 2019 WL 3239152, at *3 (N.D. Tex. July 18, 2019)). A trust is formed if the plaintiff shows by a preponderance of the evidence that:

1) the goods sold were perishable agricultural commodities;

2) the purchaser was a commission merchant, a dealer, or broker;

3) the transaction occurred in interstate or foreign commerce;

4) the seller has not received full payment;

5) the seller preserved its trust rights by giving the purchaser written notice; and

6) the payment terms did not exceed PACA's statutory limits.

*Id.*; 7 U.S.C. § 499e(c); *see Mirasoles Produce USA, LLC v. TALYGAP Produce, Inc.*, No. 7:22-CV-00055, 2022 WL 1165151, at *3 (S.D. Tex. Apr. 20, 2022) (collecting cases for these elements).

The record shows that Sunny Produce is likely to satisfy each element. The Myers Declaration provides evidence that:

1) The produce at issue qualifies as PACA trust-eligible perishable agricultural commodities. (Dkt. No. 8-2 at 2–6) (¶¶ 10–25); (*id.* at 10–40) (Exs. 1–15).

2) Sasita Produce was licensed under PACA, or subject to PACA licensing, at the time of the delivery. (*Id.* at 7–8) (¶¶ 33–35); (*id.* at 45–46) (Ex. 17).

3) The produce shipments occurred in interstate commerce. (*Id.* at 2–6) (¶¶ 10–25); (*id.* at 10–40) (Exs. 1–15).

4) Sasita Produce failed to make full payment. (*Id.* at 6, 8) (¶¶ 26–29, 39).

5) Sunny Produce preserved its rights by including the statutory-trust language on each invoice, as required by the Parties' credit agreement. (*Id.* at 2) (¶ 8); (*id.* at 10–40) (Exs. 1–15).

6) And each invoice stated, "Pay Terms: PACA Prompt," (*id.* at 12–40) (Exs. 2–15), meaning that payment was "due within ten (10) days" of acceptance,

5

(*id.* at 6). This complies with PACA's maximum payment period. *See Mirasoles Produce USA, LLC*, 2022 WL 1165151, at *3 & n.39 (first citing 7 U.S.C. § 499b(4); then citing 7 C.F.R. § 46.2(aa)(5); and then citing 7 C.F.R. § 46.46(e)(2)).

Accordingly, Sunny Produce has demonstrated that it is likely to prevail on its PACA trust claim.

b.   Breach-of-Contract Claim

Sunny Produce also asserts a breach-of-contract claim. (Dkt. No. 1 at 3–4). Under Texas law, a breach-of-contract claim requires (1) a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages to the plaintiff as a result of the breach. *Conn Credit I, L.P. v. TF LoanCo III, LLC*, 903 F.3d 493, 499–500 (5th Cir. 2018).[2]

The record supports each element. It shows: (1) an agreement for Sunny Produce to sell fresh produce to Sasita Produce on credit, (*see* Dkt. No. 8-2 at 2–6, 10–40); (2) delivery of the produce, (*id.*); (3) failure to pay the amounts due, (*id.* at 6, 8); and (4) resulting damages to Sunny Produce, (*see id.* at 2–3, 6). "These facts, if proved, establish a breach of contract." *CF Trade, LLC*, 2025 WL 1549460, at *3; *see Mirasoles Produce USA, LLC*, 2022 WL 1165151, at *4.

**2.   Immediate and Irreparable Injury**

To demonstrate irreparable harm, "the injury at issue must be actual and imminent" and there must be "no remedy at law, such as monetary damages." *Allied Home Mortg. Corp. v. Donovan*, 830 F.Supp.2d 223, 227 (S.D. Tex. 2011) (first citing *Watson*

---

[2] "As there are no facts to implicate any forum other than Texas, the Court assumes that Texas contract law applies to the dispute." *CF Trade, LLC*, 2025 WL 1549460, at *3 n.2.

6

*v. Fed. Emergency Mgmt. Agency*, 437 F.Supp.2d 638, 648 (S.D. Tex. 2006); and then citing *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011)). Courts have routinely held that threatened dissipation of a PACA trust constitutes irreparable harm. *See, e.g., CF Trade, LLC*, 2025 WL 1549460, at *4; TRO, *Avocado Love Mktg. LLC v. Dominguez Fresh Produce LLC*, No. 7:21-CV-00412 (S.D. Tex. Oct. 25, 2021), Dkt. No. 13 at 2; *Rio Vista Ventures, LLC v. Valvilla Produce, LLC*, No. 7:20-CV-00325, 2020 WL 8300522, at *3 (S.D. Tex. Nov. 4, 2020); TRO, *Ergo Produce, Inc. v. Produce Depot LLC*, No. 7:19-CV-00122 (Apr. 25, 2019), Dkt. No. 12 at 3; *Country Fresh, LLC v. Wayne & Annie's Kitchen Inc.*, No. 4:16-CV-01880, 2016 WL 10956514, at *1 (S.D. Tex. June 29, 2016).[3] A movant need only show the threat of dissipation to obtain injunctive relief. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 & n.8 (11th Cir. 1990).

Here, Sunny Produce alleges that Sasita Produce tendered five checks between December 2024 and February 2025, each returned for insufficient funds, and has made no payments since. (Dkt. No. 8-2 at 6). Sunny Produce's representative declares under penalty of perjury that Sasita Produce owes $160,132.38 for PACA commodities, has ignored repeated payment demands, and appears to be "experiencing severe financial issues." (*Id.* at 8–9). The representative believes that without a TRO and other injunctive relief, "Sasita Produce and Mr. Perez will continue to neglect to pay Sunny Produce's

---

[3]   *See also Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) ("The legislative history noted that once the trust is dissipated it is almost impossible for a beneficiary to obtain recovery. Congress recognized that dissipation of trust assets would undermine PACA . . . . Thus, preventing dissipation of the trust is a key purpose of PACA." (internal citations omitted)).

7

PACA trust claim and exacerbate the situation through further dissipation of the PACA trust." (*Id.*).

The Court finds that Sunny Produce has shown a substantial threat of immediate and irreparable harm from the likely dissipation of the alleged PACA trust. *See Rio Vista Ventures, LLC*, 2020 WL 8300522, at *3. The Declaration also satisfies Rule 65(b)(1)(A)'s requirement to "clearly show" irreparable harm "before the adverse party can be heard": Sasita Produce's five recent payments were returned for insufficient funds, (Dkt. No. 8-2 at 6), it has not participated in the administrative proceedings initiated against it, and its PACA license is set to be revoked on August 20, 2025, for delinquent payments, (*id.* at 7–8). These facts indicate serious financial problems.

Finally, Sunny Produce's counsel also filed a "Certification of Counsel as to Why Notice Should Not Be Required Pursuant to Rule 65(b)." (Dkt. No. 8-3). The Court agrees that notice would risk further dissipation of trust assets required by statute to be preserved for Sunny Produce's benefit. (*Id.* at 1). A temporary restraining order without notice is therefore warranted. *See Country Fresh, LLC*, 2016 WL 10956514, at *1 (finding immediate and irreparable injury from continued PACA trust dissipation absent relief).

### 3. The Balance of Harms

When a PACA trust is threatened with dissipation, the balance of harms favors the unpaid trust beneficiaries. *See, e.g.*, *CF Trade, LLC*, 2025 WL 1549460, at *4; *Great Union Mktg., LLC v. Twin Bros. Produce, LLC*, No. 7:23-CV-00043, 2023 WL 5687034, at *4 (S.D. Tex. July 25, 2023); *Rio Vista Ventures, LLC*, 2020 WL 8300522, at *3; *Grupo Empaque Roquin S.A. de C.V. v. Empire Produce USA LLC*, No. 7:12-CV-00095, 2012 WL 12873755, at *3 (S.D.

Tex. Mar. 19, 2012). Once trust assets are dissipated, unpaid trust beneficiaries are unlikely to recover their interests. *See Frio Ice, S.A.*, 918 F.2d at 159. But because PACA already requires buyers to preserve trust funds for the benefit of sellers, an injunction merely compels defendants to do only "what they are already legally required to do." *CF Trade, LLC*, 2025 WL 1549460, at *4 (quoting *Great Union Mktg.,* 2023 WL 5687034, at *4); *Grupo Empaque Roquin S.A. de C.V.*, 2012 WL 12873755, at *3. Any burden from the injunction is therefore minimal compared to the risk that a trust beneficiary will lose the trust assets altogether. *Grupo Empaque Roquin S.A. de C.V.*, 2012 WL 12873755, at *3.

Additionally, "Congress specifically singled out the potential harm to unpaid sellers in the perishable agricultural commodities industry for special protection under PACA" and mandated that unpaid suppliers should not "be relegated to seek money damages only, especially when dealing with a financially unstable debtor who is dissipating trust assets." *Rio Vista Ventures, LLC*, 2020 WL 8300522, at *3 (quoting *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140 (3d Cir. 2000)). The Fifth Circuit has likewise recognized that a court may "maintain the status quo" and freeze assets "limited to the property in dispute or its direct, traceable proceeds," when doing so is necessary to make "a meaningful decision on the merits." *Id.* (quoting *Janvey*, 647 F.3d at 600).

The Court therefore finds that the potential injury from denying Sunny Produce's request for a temporary restraining order—and possibly permitting further dissipation of trust assets—outweighs any harm to Defendants from issuing the order.

### 4. The Public Interest

Congress has declared that preserving PACA trust assets for the benefit of produce sellers serves "the public interest." *CF Trade, LLC*, 2025 WL 1549460, at *4 (first quoting *Sanzone Brokerage, Inc. v. J&M Produce Sales, Inc.*, 547 F.Supp.2d 599, 603 (N.D. Tex. 2008); and then citing 7 U.S.C. § 499e(c)(1) (stating that PACA was enacted "to remedy [the] burden on commerce in perishable agricultural commodities and to protect the public interest" (alteration in original))). Protecting sellers' rights and ensuring prompt payment for perishable commodities reflects Congress's policy judgment—one this Court will not second-guess. *See id.*

The Court finds that a TRO in this case aligns with, and does not disserve, the public interest. *See id.*; *Great Union Mktg.*, 2023 WL 5687034, at *4; *Rio Vista Ventures, LLC*, 2020 WL 8300522, at *4 & n.41 (collecting cases); *Grupo Empaque Roquin S.A. de C.V.*, 2012 WL 12873755, at *3.

### 5. Bond

Rule 65(c) generally requires a movant to provide security "in an amount that the court considers proper" before issuing preliminary injunctive relief. *CF Trade, LLC*, 2025 WL 1549460, at *4 (first citing Fed. R. Civ. P. 65(c); and then citing *A.T.N. Indus., Inc. v. Gross*, 632 F.App'x 185, 192 (5th Cir. 2015) (per curiam)). In PACA cases, courts often require little or no additional security. *See id.*; *Great Union Mktg.*, 2023 WL 5687034, at *4; *Rio Vista Ventures, LLC*, 2020 WL 8300522, at *4.

Here, the Court finds that the $160,132.38 in alleged PACA trust assets in Sasita Produce's possession may serve as Sunny Produce's bond. No additional security will

10

be required. *See CF Trade, LLC*, 2025 WL 1549460, at *4; *Great Union Mktg.*, 2023 WL 5687034, at *4; *Country Fresh, LLC*, 2016 WL 10956514, at *2.

## IV.  CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, (Dkt. No. 8).

**IT IS ORDERED** that:

1.  **Defendants** Sasita Produce, LLC and Severo Perez and their officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them, including their banks and financial institutions, are **TEMPORARILY RESTRAINED** from dissipating, paying, assigning, transferring, or otherwise encumbering any assets subject to PACA's trust provisions[4] without Plaintiff Sunny Produce and Brokerage, LLC's agreement or until further order of this Court, except for:

    a)  payment to Plaintiff Sunny Produce and Brokerage, LLC; or

    b)  sales of perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, provided that the proceeds are maintained as PACA trust assets subject to this Order.

---

[4] Under Section 499e(c)(2), the assets subject to this Temporary Restraining Order include all of the assets of Plaintiff Sunny Produce and Brokerage, LLC, unless Defendants Sasita Produce, LLC and Severo Perez can prove to this Court that a particular asset is not derived from (1) perishable agricultural commodities; (2) inventories of food or other products derived from perishable agricultural commodities; or (3) receivables or proceeds from the sale of such commodities or products. 7 U.S.C. § 499e(c)(2).

2. Within **three days** of this Order's issuance, Plaintiff Sunny Produce and Brokerage, LLC is **ORDERED** to serve all Defendants, or their resident agent or counsel, with a copy of this Temporary Restraining Order, the Complaint, and the Motions for Temporary Restraining Order and Preliminary Injunction via personal service, electronic mail, facsimile transmission or delivery by a carrier or courier. This Temporary Restraining Order is not effective or binding upon any person or entity until such person or entity has been served with this order or received actual notice of it.

3. Within **three days** of being served, Defendants Sasita Produce, LLC and Severo Perez are **ORDERED** to serve this Order on all banking or financial institutions with which they do business and any other person or entity holding assets for or on behalf of Defendants.

4. Within **three days** of accomplishing service, Defendants Sasita Produce, LLC and Severo Perez are **ORDERED** to file a certificate of service listing all persons and entities served.

5. It is **ORDERED** that the $160,132.38 in PACA trust assets belonging to Plaintiff Sunny Produce and Brokerage, LLC and in the possession of Defendant Sasita Produce, LLC will serve as Plaintiff Sunny Produce and Brokerage, LLC's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

6. This TRO is issued on **August 15, 2025**, and expires on **August 25, 2025**, unless extended by Court order.

7. A hearing on Plaintiff's Motion for Preliminary Injunction is set for **August 25, 2025**, at **2:00 p.m.** before Judge Tipton by zoom video. Any opposition papers must be filed by **August 22, 2025**, and personally served or served by fax or email upon Plaintiff Sunny Produce and Brokerage, LLC's counsel. The Zoom link and login is:

https://www.zoomgov.com/j/1610690763?pwd=Y1ZydDU3TWxIUDNla0FrSjVxN1FvUT09

    Meeting ID: 161 069 0763
    Passcode: 307095

    Dial by your location

    +1 669 254 5252 US (San Jose)
    +1 646 828 7666 US (New York)
    +52 815 351 6659 (Mexico)

*Per L.R. 83.7 Except by leave of the presiding judge, no photo- or electro-mechanical means of recordation or transmission of court proceedings is permitted.*

It is SO ORDERED.

Signed on August 15, 2025.

                                                  _____
                                                  **DREW B. TIPTON**
                                                  **UNITED STATES DISTRICT JUDGE**